IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:20-cv-25260

**YORYANNY LA VERDE**,

    Plaintiff,

vs.

**DALVERO, LLC,** d/b/a Sushi Bombs,
**DANIEL DALMAU,** individually, and
**JUAN DALMAU**, individually,

    Defendants.
_____/

## COMPLAINT

**YORYANNY LA VERDE** ("Plaintiff"), by and through the undersigned counsel, hereby sues **DALVERO, LLC** (hereinafter "Dalvero"), **DANIEL DALMAU** (hereinafter "Daniel"), individually, and **JUAN DALMAU** (hereinafter "Juan"), individually, (collectively "Defendants") and alleges as follows:

### INTRODUCTION

1. This is an action for unpaid minimum wages and unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA").

2. Plaintiff seeks damages within this Court's jurisdiction, reasonable attorneys' fees, and costs pursuant to the FLSA, and all other remedies allowable by law.

## PARTIES, JURISDICTION, AND VENUE

3. Plaintiff was formerly employed by Defendants and performed work for Defendants in Miami-Dade County, Florida.

4. Dalvero is, and was, a Florida company conducting business in Miami-Dade County, Florida during the relevant period, June 1, 2018 through December 2, 2020.

5. Daniel is, and was, a corporate officer for/operator of Dalvero during the relevant time period. Further, Daniel controlled the business and Dalvero's employees (including Plaintiff) in terms of hiring, firing, scheduling, duties, work hours, calculation of wages, paying of wages, and ensuring compliance with local, state, and federal laws, including, but not limited to, the FLSA.

6. Juan is, and was, a corporate officer for/operator of Dalvero during the relevant time period. Further, Juan controlled the business and Dalvero's employees (including Plaintiff) in terms of hiring, firing, scheduling, duties, work hours, calculation of wages, paying of wages, and ensuring compliance with local, state, and federal laws, including, but not limited to, the FLSA.

7. Dalvero, Daniel, and Juan are employers, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203.

8. Venue is proper in this Court because Defendants transact business in this District, Defendants maintain a principal place of business in this

PERERA BARNHART ALEMÁN
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

District, Defendants employed Plaintiff in this District, and the claims arose within the District.

## GENERAL ALLEGATIONS

**A. <u>Defendants' Business and Interstate Commerce</u>**

9. The primary purpose of Dalvero is the operation of a restaurant serving individuals and businesses across South Florida.

10. Dalvero routinely advertises online and utilizes food delivery services such as, Door Dash, Seamless, and Postmates.

11. Under information and belief, Plaintiff alleges that Dalvero's gross annual revenue exceeded $500,000.00 during 2018 and 2019 and is expected to exceed $500,000.00 during 2020.

12. Dalvero customarily and regularly purchased and/or sold goods and services across state lines.

13. At all relevant times, Dalvero employed two or more employees that customarily, continually, and regularly handled goods and materials that i) were purchased from a person or entity outside the state of Florida and/or ii) were purchased in Florida but had previously traveled through interstate commerce.

14. Upon information and belief, Dalvero obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic (or other electronic) transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means

3 | P a g e

PERERA BARNHART ALEMÁN
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

to market and run their business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

15. Dalvero, upon information and belief, accepts checks, wire transfers, and other forms of payments that are made or processed outside the state of Florida, and did so during the relevant period.

16. Dalvero is an employer engaged in interstate commerce and subject to the FLSA.

### B. Defendants' Employment and Failure to Properly Pay Plaintiff

17. Plaintiff's work began in and around June 1, 2018.

18. During her employment, Plaintiff worked in a non-exempt capacity as a delivery driver for Defendants' customers. Indeed, Plaintiff was Defendants' sole delivery driver during the relevant time period.

19. The relevant time period for this matter is from June 1, 2018 through December 2, 2020.

20. During Plaintiff's employment, Defendants did not pay Plaintiff a minimum hourly wage of $7.25 nor overtime wages. Rather, Plaintiff was only paid by tips received from her deliveries or, only after Defendants received a Paycheck Protection Program loan, the delivery fee associated with each order.

21. Moreover, during the 2020 COVID-19 pandemic, there were many occasions where Defendants retained all monies from her deliveries and did not tender any monies to Plaintiff for her work.

4 | P a g e

PERERA BARNHART ALEMÁN
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

22. Throughout the relevant time period, Plaintiff worked approximately seventy-eight hours [thirty-eight (38) hours of overtime] per week. Plaintiff was not paid any overtime wages for these hours.

23. Throughout the relevant time period, Defendants failed to have proper timekeeping procedures in place to track Plaintiff's exact work hours.

24. Defendants willfully and intentionally failed to properly record Plaintiff's work hours, pay Plaintiff at least the statutory minimum wage, nor provide her with a proper overtime premium for each overtime hour worked.

25. Defendants were Plaintiff's employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203.

26. Defendants intentionally refused to pay Plaintiff minimum wages and overtime wages she is owed under the FLSA.

C. **Daniel Dalvero and Juan Dalvero's Employment of, and Failure to Properly Pay, Plaintiff**

27. During the relevant period, Daniel and Juan were Plaintiff's managers/supervisors as well as the general owners and co-operators of the business.

28. During Plaintiff's employment, Daniel and Juan acted as Plaintiff's supervisors/managers, provided Plaintiff with her work duties, gave feedback on the work Plaintiff performed for Defendants, had the ability to discipline Plaintiff, and were responsible for recording, calculating, and paying Plaintiff's work hours.

5 | Page

PERERA BARNHART ALEMÁN
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

29. On or about April 5, 2020, Daniel made the decision to terminate Plaintiff.

30. Daniel and Juan intentionally refused to pay Plaintiff minimum wages and overtime wages she was owed under the FLSA.

31. Daniel and Juan are partially or totally responsible for paying Plaintiff's wages.

32. Daniel and Juan must be considered Plaintiff's employers, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203.

**COUNT I**
**OVERTIME VIOLATION BY DALVERO**
**UNDER THE FAIR LABOR STANDARDS ACT**

33. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 32 above as if fully set forth herein.

34. As part of its business, Dalvero purchased goods and materials that traveled through interstate commerce.

35. These goods and materials were customarily, continually, and regularly handled by two or more employees, including Plaintiff.

36. Upon information and belief, Dalvero obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run its

PERERA BARNHART ALEMÁN
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

37. Dalvero, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments made or processed outside the state of Florida during the relevant.

38. During her employment with Dalvero, Plaintiff worked overtime hours for which she was not compensated at a rate of no less than half her regularly rate of pay as required by the FLSA.

39. Dalvero did not compensate Plaintiff for her overtime despite knowledge of the overtime hours Plaintiff worked.

40. Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

41. In addition, Dalvero is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

    a. Enter judgment for Plaintiff against Dalvero under the FLSA;

    b. Award Plaintiff actual damages for the unpaid overtime wages;

    c. Award Plaintiff liquidated damages;

    d. Award Plaintiff her attorneys' fees and costs;

    e. Award Plaintiff all recoverable interest; and

7 | Page

PERERA BARNHART ALEMÁN
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

 f. Award any other relief this Honorable Court deems just and proper.

## COUNT II
## OVERTIME VIOLATIONS AGAINST DANIEL DALMAU UNDER THE FAIR LABOR STANDARDS ACT

42. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 32 above as if fully set forth herein.

43. Daniel operated the day-to-day activities of Defendants' business, had supervisory authority over Plaintiff, had control/access to Plaintiff's records for work hours, and was partially or totally responsible for paying Plaintiff's wages.

44. Daniel scrutinized Plaintiff's work and controlled how Plaintiff did her job.

45. During Plaintiff's employment with Defendants, Plaintiff consistently worked for Defendants over 40 hours per week.

46. During her employment with Defendants, Plaintiff worked overtime hours for which she was not compensated at a rate of time-and-a-half her regularly rate of pay as required by the FLSA.

47. Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

48. Daniel did not compensate Plaintiff for her overtime despite her knowledge of the overtime hours Plaintiff worked.

PERERA BARNHART ALEMÁN
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

49. Daniel is also jointly and severally liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of her intentional and willful violation of the FLSA for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

    a. Enter judgment for Plaintiff against Daniel under the FLSA;

    b. Award Plaintiff actual damages for the unpaid overtime wages;

    c. Award Plaintiff liquidated damages;

    d. Award Plaintiff her attorneys' fees and costs;

    e. Award Plaintiff all recoverable interest; and

    f. Award any other relief this Honorable Court deems just and proper.

### COUNT III
### OVERTIME VIOLATIONS AGAINST JUAN DALMAU UNDER THE FAIR LABOR STANDARDS ACT

50. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 35 above as if fully set forth herein.

51. Juan operated the day-to-day activities of Defendants' business, had supervisory authority over Plaintiff, had control/access to Plaintiff's records for work hours, and was partially or totally responsible for paying Plaintiff's wages.

52. Juan scrutinized Plaintiff's work and controlled how Plaintiff did her job.

53. During Plaintiff's employment with Defendants, Plaintiff consistently worked for Defendants over 40 hours per week.

PERERA BARNHART ALEMÁN
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

54. During her employment with Defendants, Plaintiff worked overtime hours for which she was not compensated at a rate of time-and-a-half her regularly rate of pay as required by the FLSA.

55. Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

56. Juan did not compensate Plaintiff for her overtime despite her knowledge of the overtime hours Plaintiff worked.

57. Juan is also jointly and severally liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of her intentional and willful violation of the FLSA for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

   a. Enter judgment for Plaintiff against Juan under the FLSA;

   b. Award Plaintiff actual damages for the unpaid overtime wages;

   c. Award Plaintiff liquidated damages;

   d. Award Plaintiff her attorneys' fees and costs;

   e. Award Plaintiff all recoverable interest; and

   f. Award any other relief this Honorable Court deems just and proper.

10 | Page

PERERA BARNHART ALEMÁN
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

## COUNT IV
## MINUMUM WAGE VIOLATION BY DALVERO
## UNDER THE FAIR LABOR STANDARDS ACT

58. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 32 above as if fully set forth herein.

59. As part of its business, Dalvero purchased goods and materials that traveled through interstate commerce.

60. These goods and materials were customarily, continually, and regularly handled by two or more employees, including Plaintiff.

61. Upon information and belief, Dalvero obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run its business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

62. Dalvero, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments made or processed outside the state of Florida during the relevant.

63. During her employment with Dalvero, Plaintiff worked without receiving at least the federal statutory hourly minimum wage rate of $7.25 for all as required by the FLSA.

64. Dalvero did not compensate Plaintiff at least the federal statutory minimum wage rate of $7.25 despite knowledge of the hours Plaintiff worked.

PERERA BARNHART ALEMÁN
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

65. Plaintiff is owed unpaid minimum wage compensation pursuant to the FLSA.

66. In addition, Dalvero is liable for double the minimum wage amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

  a. Enter judgment for Plaintiff against Dalvero under the FLSA;
  b. Award Plaintiff actual damages for the unpaid minimum wages;
  c. Award Plaintiff liquidated damages;
  d. Award Plaintiff her attorneys' fees and costs;
  e. Award Plaintiff all recoverable interest; and
  f. Award any other relief this Honorable Court deems just and proper.

## COUNT V
## MINUMUM WAGE AGAINST DANIEL DALMAU UNDER THE FAIR LABOR STANDARDS ACT

67. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 32 above as if fully set forth herein.

68. Daniel operated the day-to-day activities of Defendants' business, had supervisory authority over Plaintiff, had control/access to Plaintiff's records for work hours, and was partially or totally responsible for paying Plaintiff's wages.

PERERA BARNHART ALEMÁN
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

69. Daniel scrutinized Plaintiff's work and controlled how Plaintiff did her job.

70. During her employment with Defendants, Plaintiff worked without receiving at least the federal statutory hourly minimum wage rate of $7.25 for all as required by the FLSA.

71. Plaintiff is owed unpaid minimum wage compensation pursuant to the FLSA.

72. Daniel did not compensate Plaintiff at least the federal statutory hourly minimum wage rate of $7.25 despite knowledge of the hours Plaintiff worked.

73. Daniel is also jointly and severally liable for double the minimum wage amounts owed as liquidated damages under the FLSA as a result of the intentional and willful violation of the FLSA for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment for Plaintiff against Daniel under the FLSA;

b. Award Plaintiff actual damages for the unpaid minimum wages;

c. Award Plaintiff liquidated damages;

d. Award Plaintiff her attorneys' fees and costs;

e. Award Plaintiff all recoverable interest; and

f. Award any other relief this Honorable Court deems just and proper.

PERERA BARNHART ALEMÁN
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

**COUNT VI**
**MINUMUM WAGE AGAINST JUAN DALMAU**
**THE FAIR LABOR STANDARDS ACT**

74. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 32 above as if fully set forth herein.

75. Juan operated the day-to-day activities of Defendants' business, had supervisory authority over Plaintiff, had control/access to Plaintiff's records for work hours, and was partially or totally responsible for paying Plaintiff's wages.

76. Juan scrutinized Plaintiff's work and controlled how Plaintiff did her job.

77. During her employment with Defendants, Plaintiff worked without receiving at least the federal statutory hourly minimum wage rate of $7.25 for all as required by the FLSA.

78. Plaintiff is owed unpaid minimum wage compensation pursuant to the FLSA.

79. Juan did not compensate Plaintiff at least the federal statutory hourly minimum wage rate of $7.25 despite knowledge of the hours Plaintiff worked.

80. Juan is also jointly and severally liable for double the minimum wage amounts owed as liquidated damages under the FLSA as a result of her intentional and willful violation of the FLSA for up to the three-year statute of limitations afforded by the FLSA.

14 | P a g e

PERERA BARNHART ALEMÁN
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment for Plaintiff against Juan under the FLSA;

b. Award Plaintiff actual damages for the unpaid minimum wages;

c. Award Plaintiff liquidated damages;

d. Award Plaintiff her attorneys' fees and costs;

e. Award Plaintiff all recoverable interest; and

f. Award any other relief this Honorable Court deems just and proper.

## JURY TRIAL

Plaintiff hereby requests a trial by jury with respect to all claims so triable.

Dated: December 28, 2020

By: */s/ J. Freddy Perera*
Bayardo E. Alemán, Esq.
Florida Bar No. 28791
bayardo@pba-law.com
J. Freddy Perera, Esq.
Florida Bar No. 93625
freddy@pba-law.com
Valerie B. Barnhart, Esq.
Florida Bar No. 88549
valerie@pba-law.com
Brody M. Shulman, Esq.
Florida Bar No. 092044
brody@pba-law.com

**PERERA BARNHART ALEMÁN**
12401 Orange Drive, Suite 123
Davie, Florida 33330
Telephone: 786-485-5232
*Counsel for Plaintiff*

15 | P a g e

PERERA BARNHART ALEMÁN
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232